UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DALE-EDWARD: BULLER,<br><br>                Plaintiff,<br><br>    vs.<br><br>SCOTT COSTLOW, FIRST SAVINGS BANK, ATTORNEY GENERAL OF THE UNITED STATES, ATTORNEY GENERAL OF SOUTH DAKOTA,<br><br>                Defendants. | 4:14-MC-00144-KES<br><br>ORDER DENYING MOTION TO QUASH SUMMONS AND FOR ENTRY OF DEFAULT<br><br>DOCKET NO. 7 |

      This matter is before the court on plaintiff Dale-Edward: Buller's *pro se* petition to quash three summons issued by the Internal Revenue Service ("IRS"). See Docket Nos. 1, 4.  The clerk issued summons on October 27, 2014, to Scott Costlow, First Savings Bank, the Attorney General of the United States, and the Attorney General of South Dakota.  See Docket No. 5.

      The Federal Rules of Civil Procedure govern the conduct of the procedure in this case.  Mr. Buller is encouraged to become thoroughly familiar with these rules.

      Rule 4 of those rules instruct a plaintiff how to serve the summons and complaint (or, in this case, petition) on the defendants.  See FED. R. CIV. P. 4.  If the person to be served agrees to waive service, the person must so acknowledge in writing and a copy of the waiver must be filed with the court.  See FED. R. CIV. P. 4(d).  Absent a waiver, the person must be served according

to the state rules for serving a summons, or by personally serving a copy on the person or his agent who is designated for service of process.  See FED. R. CIV. P. 4(e).

To serve the United States or an officer or employee thereof, the summons and complaint/petition must be delivered to the United States Attorney for the district where the action is brought or by sending a copy of the summons and complaint/petition by registered or certified mail to the civil-process clerk at that same United States Attorney's Office.  See FED. R. CIV. P. 4(i)(1)(A)(i).  In addition, the plaintiff must send a copy of the summons and complaint/petition by registered or certified mail to the Attorney General of the United States in Washington, D.C.  See FED. R. CIV. P. 4(i)(1)(B).  Finally, because plaintiff is challenging an order of the IRS and the IRS is not a named party to these proceedings, the plaintiff must also send a copy of the summons and complaint/petition by registered or certified mail to the IRS or its officer.  See FED. R. CIV. P. 4(i)(1)(C).

To serve a state government, the summons and complaint/petition must be delivered to its chief executive officer or by complying with the manner of serving process on state government as described by state law.  See FED. R. CIV. P. 4(j)(2).

To serve a corporation, partnership, or other unincorporated association that is subject to suit under a common name, the plaintiff must serve the corporation by personal service as directed under Rule 4(e)(1) or the plaintiff must deliver a copy of the summons and complaint/petition to an officer, a

managing agent, a general agent, or any other agent authorized by appointment or law to receive service of process and by also mailing a copy of each to the defendant.  See FED. R. CIV. P. 4(h)(1).

A plaintiff has 120 days to serve all defendants in an action.  See FED. R. CIV. P. 4(m).  If the plaintiff has not served a defendant within that time frame, the court may dismiss the action without prejudice to that defendant.  See FED. R. CIV. P. 4(m).

Any person at least 18 years of age who is not a party to the litigation can serve the summons and complaint/petition.  See FED. R. CIV. P. 4(c)(2).  Proof of service of process requires an affidavit from the process server describing how and when the summons and complaint/petition were served.  See FED. R. CIV. P. 4(l)(1).  Once service of a defendant is made, proof of service must be filed with the court.  See FED. R. CIV. P. 4(l).

This action has been pending for 86 days since the clerk issued the summons to Mr. Buller.  He now asks the court to quash the summons issued by the clerk and to hold defendants in default.  See Docket No. 7.  He claims to have served the defendants by sending the summons and petition by certified mail to the Attorney General of South Dakota, the Attorney General of the United States, First Savings Bank, and Scott Costlow.  See Docket Nos. 7-1 and 7-2.  As can be seen from the above discussion of Rule 4, sending process by certified mail to First Savings Bank and Scott Costlow does ***not*** accomplish proper service of process on these two individuals.  Although Rule 4 allows service of the United States Attorney General by certified mail, the certified

mail receipt Mr. Buller provides the court is not signed by the any one acknowledging receipt.  <u>See</u> Docket No. 7-2.  In addition, there are others who are required to be served for whom no evidence of attempts to serve process are provided by Mr. Buller.

Based on the record before the court, Mr. Buller has not properly served any of the persons required to be served.  Accordingly, it is hereby

ORDERED that Mr. Buller's motion to quash and for entry of default [Docket No. 7] is denied.

**NOTICE**

Mr. Buller is hereby notified that, if proof of *proper* service of the summons and complaint/petition is not on record in this court for each person required to be served before the expiration of 120 days from October 22, 2014, the court will dismiss this lawsuit as to each defendant not yet served on that date.  Such dismissal will be without prejudice to any defendant so dismissed.

DATED this 16th day of January, 2015.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge

4